**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
FILED
2008 JUN 17   AM 10: 15
LORETTA G. WHYTE
CLERK

08-3743

SECT. A MAG 3

| | | |
|---|---|---|
| Christopher Webb, and | * | |
| **April Davis Webb** | * | |
| *Complainant* | * | |
| | * | |
| | * | |
| v. | * | |
| | * | **No.** |
| **Sheriff Craig Webre**, in his official | * | |
| and individual capacity; | * | **Civil Action: § 1983** |
| **Lafourche Parish Sheriff's Office;** | * | |
| **Sheriff Deputy Cody Naquin;** | * | **Section:** |
| **Sheriff Deputy William Powell;** | * | |
| **Deputies Doe No. 1-6** | * | **Mag.** |
| **ABC Insurance Companies** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983, *ET SEQ.*,

### PRELIMINARY STATEMENT OF CIVIL RIGHTS VIOLATIONS

On 19 June 2007 Lafourche Parish Sheriff Deputies Cody Naquin and William Powell did taser complainant, did use excessive force against him, did assault him and demean him with racial epithets and other violate his rights as those rights are guaranteed under the United States and Louisiana Constitutions and protected under 42 U.S.C. §1983 and the statutes of the State of Louisiana. These same defendants falsely arrested, detained and injured Mrs. Webb as well. Mr. Webb was injured and has not completed his course of treatment.

Having discovered the seriousness of the injuries they had inflicted upon him, the Lafourche Sheriff's deputies subsequently and repeatedly threatened that if he went to the hospital that night, he would be arrested. These defendants also fabricated and manufactured facts, charges, and reports in order to coverup their violations of Webb's constitutional and civil rights.

-1-

Fee $350.
✓ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

To shield the deputies from civil rights claims the Lafourche Sheriff's Office in concert with its deputies did charge Webb with criminal offenses in an attempt to coverup the actions of the deputies, to obstruct Webb's civil rights claims, and to otherwise prevent his redress from the Sheriff's violations of his constitutional rights.

Complainants Webb seeks relief and redress from those violations of his constitutional and civil rights, and prays that this Court enjoin and otherwise prevent this bad-faith prosecution.

## JURISDICTION

**Federal Law Claims**

Jurisdiction of this Court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§. 1983, 1985, 1986, and 1988.

**Pendent State Law Claims**

Jurisdiction of this Court for pendent claims is authorized by 28 U.S.C. § 1367 with respect to the state law claims, inasmuch as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and under F.R.Civ.P.18(a) and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715.

Pendent claims arise from violation of claimant's right, as set forth in those claims and as the rights violated are expressly guaranteed and protected under the 1974 Louisiana Constitution, particularly Art. 1 § 2 (due process of law), § 3 (right to individual dignity), § 5 (right to privacy), § 19 (right to judicial review), § 20 (right to human treatment), and § 22 (access to courts); and under the laws of the State of Louisiana, including but not limited to LSA-R.S. 14:33, *et seq.* (battery), LSA-R.S. 14:36, *et seq.* (assault), LSA-R.S. 14:40, *et seq.* (intimidating by officers), LSA-R.S. 14:44, *et seq.* (kidnapping), LSA-R.S. 14:46 (false imprisonment), LSA-R.S. 14:66

-2-

(extortion), LSA-C.C. art. 2315 (liability for acts causing damages), LSA-C.C. art. 2316 (negligence, imprudence or want of skill), LSA-C.C. art. 2317 (acts of others), LSA-C.C. art. 2320 (acts of servants), LSA-C.C. art. 2324 (solidary liability for conspiracy), (abuse of process and negligent misinformation); Malicious prosecution and prosecutorial misconduct are reserved. *See: State v. Tate* 171 So. 108, *Monell v. New York City Dept of Social Services,* 436 U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v. Monroe County,* 520 U.S. 781, *Bryan County Comm'r v. Brown,* 520 U.S. 397, *and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.)1999, *Holly Ray Burns v. Sheriff Rodney Jack Strain*, No. 05-30837, U.S. Fifth Circuit Court of Appeals (14 January 2008).

## **VENUE**

Venue in the United States Courts for the Eastern District of Louisiana is proper under 28 U.S.C. § 1391(b).

## **PARTIES**

3.    **Complainants Christopher Webb and April Davis Webb** are persons of the age of majority, who are residents of the town of Patterson, Parish of Larourche, all times relevant hereto.

4.    **Defendant Sheriff Craig Webre,** is a natural person and the Sheriff for the Parish of Lafourche within the State of Louisiana; and who as Sheriff is responsible for the policies, procedures, and practices implemented by the Office of the Sheriff, though its various agencies, agents, departments, and employees, and for injury and violation of United States Constitutional and Louisiana Constitutional rights occasioned thereby. He is the ultimate supervisor of the deputies of the Sheriff's Department including, but not

-3-

only the co-defendant deputies is jointly and *in solido* liable for the activities of his privately retained agents. He is sued in his individual as well as his official capacity.

5.  **Defendant Lafourche Parish Sheriff's Office**, is a local authority within the Parish of Lafourche, State of Louisiana, and as such does not have Eleventh Amendment immunity under the United States Constitution or the Eleventh Amendment to that Constitution.[1] The Sheriff's Office is responsible for the policies, procedures, and practices implemented by the Sheriff, though its various agencies, agents, departments, and employees, and for injury and violation of United States Constitutional and Louisiana Constitutional rights occasioned thereby. It is responsible for the actions and omissions of the deputies of the Sheriff's Department including, but not only the co-defendant deputies.

6.  **Defendant Cody Naquin**, is a natural person, who at all times pertinent hereto, was a Sheriff's Deputy in the Office of Craig Webre, under the employment of the Lafourche Parish Sheriff's Office.  He is sued in his individual and official capacity.

7.  **Defendant William Powell**, is a natural person, who at all times pertinent hereto, was a Sheriff's Deputy in the Office of Craig Webre, under the employment of the Lafourche Parish Sheriff's Office.  He is sued in his individual and official capacity.

8.  **ABC Insurance Companies**, are foreign corporations, licensed to do and doing business in the Parish of Lafourche, State of Louisiana, which at all times pertinent hereto did provide to various co-defendants including but not limited to natural-person co-

---

[1] United States 5th Circuit Court of Appeal in *Burge v. Parish of Lafourche*, 187 F.3d 452, citing *Mairena*, 816 F.2d at 1064 and *Hudson*, 174 F.3d 677

defendants, but defendants **Sheriff and Sheriff's Department for the Parish of**

**Lafourche**, policies of insurance covering its activities and those of its employees and

agents. When identified, the true names shall be substituted for the place names of ABC

Insurance, *et al.* and the complaint shall be amended pursuant to the Louisiana Direct

Action Statute.

## FACTS

9.  On 19 June 2008 complainant Christopher Webb and his wife were traveling to the home

of her cousin Yolanda Washington to help her with a child who was sick.

10. It was shortly after Midnight, early in the morning of 19 June.

11. They had just left their house on Buford Street and were traveling to the Washington

home.

12, They reached the intersection of St. Louis Street and Buford where the Autin Grocery

store is located.

13. Deputies Naquin and Powell were parked in the area near the grocery.

14. When Webb was at the intersection of the Autin grocery the officers turned on the lights

in their patrol car and indicated that the Webbs should stop.

15. Webb and his wife April stopped.

16. Initially deputy Naquin spoke with Mrs. April Webb and stated that she did not have a

license plate on visible display.

17. She showed deputy Naquin the temporary plate which was on display and which had been

issued by Scheiver's Auto dealership.

18. Webb had purchased the car three weeks earlier.

19. Another officer joined Naquin who handcuffed Mrs. Webb and placed her in the back of the police car.

20. At one point four other officers arrived at this location and participated in these activities.

21. Webb does not know the names of the officers other than Naquin and Powell.

22. Two of the officers went to the Washington home in conjunction with matter.

23. Mrs. Webb had given officer Naquin all the papers in her possession demonstrating that they did own the car and did have the temporary plate which was on display.

24. Ultimately the deputies charged Mrs. Webb with the offense of Improper Display of a License plate.

25. Mrs. Webb pleaded not guilty to this cover charge.

26. While Naquin was arresting Mrs. Webb, deputy Powell had Webb exit the car and asked for his documents and idenitification.

27. Webb had no documents or identification as he and his wife were traveling the short distance to the Washington home to assist their cousin with the sick child.

28. As deputy Powell became more aggressive Webb began to move backward out of harms way.

29. Powell threatened Webb with arrest at which point Webb turned his back on Powell and continued to move out of harms way.

30. At some point deputy Powell tasered Webb.

31. Other persons on the scene witnessed Powell taser Webb.

32. Powell tasered Webb four times, according to the report of the witnesses.

33. Webb fell into a nearby ditch.

34. At that time deputy Naquin went into the ditch and attacked Webb calling him among other things "you stupid nigger" while punching him in the face.

35. During his attack on Webb, the taser gun must have been broken as Naquin accused Webb of breaking his equipment.

36. Naquin told Webb that he had cost the parish $10,000 in damage to his equipment and that Webb would have to pay for that equipment.

37. Naquin handcuffed Webb and removed the taser pins from Webb.

38. Naquin removed Webb from the ditch.

39. Webb was visibly injured and someone on the scene called the Emergency Medical unit.

40. The EMTs examined Webb and advised him that he should go to the hospital.

41. Naquin and the other officers told Webb that if he went to the hospital they would subsequently take him to jail.

42. Naquin and the other officers told Webb that if he went home instead of to the hospital he would not be arrested.

43. In the face of that threat Webb did not go to the hospital.

44. Webb returned home and did not go to the hospital until later.

45. The deputies charged Webb with resisting arrest

46. The deputies charged Mrs. Webb with improper display of a license plate.

47. The deputies injured Webb with their taser guns.

48. The deputies injured Webb by striking him and causing severe damage to his face.

49. Deputy Naquin hit Webb with such force and in such a manner as to knock Webb's eye from it socket.

50.   The deputies injured Mrs. Webb by aggravating a pre-existing injury to her right arm when they handcuffed her and forced her into the back of the police car.

51.   Sheriff Craig Webre and the Lafourche Parish Sheriff's Office is jointly liable with the deputies for failing to train, supervise, and otherwise prevent them from violating the constitutional and civil rights of the citizens of Lafource Parish such as Mr. and Mrs. Webb.

## COUNT I – § 1983 CAUSES OF ACTION

52.   The Sheriff deputies Naquine and Powell and others falsely assaulted, battered, detained, and charged plaintiff in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Under color of law, and having made a custodial arrest, defendant deputies did use by definition excessive force against Webb and Mrs. Webb such as to inflict serious, permanent injuries upon them and to otherwise violate their federal constitutional and federal civil rights.

53.   These defendants acted in combination and in concert to commit unlawful and unconstitutional acts against plaintiffs.  Furthermore, the law under the Fourth, Fifth, Eighth, and Fourteenth Amendments in this regard is clearly established so as to defeat any purported police defendants' qualified immunity for state law claims.

54.   Complainant Webb repeats and realleges and incorporates by reference the allegations of fact in paragraphs nos. 10 through 51 above with the same force and effect as if set forth herein.

55.   At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

55. Acting under the color of law, defendants worked a denial of the Webbs' rights, privileges, and immunities secured by the United States Constitution and by Federal law.

## COUNT II - ENUMERATED § 1983 VIOLATIONS

56. Complainants Webb repeats and **re-alleges** and incorporates by reference the allegations in paragraphs nos. 10 through 51 above with the same force and effect as if set forth herein.

57. At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

58. Acting under the color of law, defendants worked a denial of the Webbs' rights, privileges, and immunities secured by the United States Constitution and by Federal law, including but not limited to the violations enumerated immediately below.

59. **VIOLATION OF 42 U.S.C. 1983 - Excessive Use of Force, Assault and Battery**, by defendant sheriff officers under the Sheriff's control, who violated the rights, privileges, and immunities of the Webbs—as set forth in the facts at paragraphs Nos. 10-51, which deprived them of both their liberty without due process of law and their right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments

60. **VIOLATION OF 42 U.S.C. 1983 - Concerted Unlawful and Malicious Subsequent Arrests and Charges** which deprived the Webbs of both their liberty without due process of law and their right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments. (The Webbs reserves their right to pursue this cause of action if the Court finds that it cannot be heard

at this time, in light of the United States Fifth Circuit Court of Appeals opinion in *Holly Ray Burns v. Sheriff Craig Webre, et al.* [No. 07-30837, 14 January 2008] ).

61.  **VIOLATION OF 42 U.S.C. 1983 - Concerted Unlawful and Malicious Sequential Detention and Confinement** which deprived the Webbs of both their liberty without due process of law and their right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

62.  **VIOLATION OF 42 U.S.C. 1983 - Sheriff's Refusing or Neglecting to Prevent** defendant sheriff officers under this control, from violating the rights, privileges, and immunities of the Webbs—as set forth in the facts at paragraphs Nos. 10-51, refusal or neglect in preventing deprived the Webbs of both liberty without due process of law and right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

63.  **VIOLATION OF 42 U.S.C. 1983 - Sheriff and Deputies' Malicious Prosecution,** designed to shield and otherwise coverup the defendant sheriff officers under the Sheriff's control, who violated the rights, privileges, and immunities of Webb—as set forth in the facts at paragraphs Nos. 10-51, which deprived the Webb of both liberty without due process of law and right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments. (The Webbs reserves the right to pursue this cause of action, if the Court finds that it cannot be heard at this time, in light of the United States Fifth Circuit Court of Appeals opinion in *Holly Ray Burns v. Sheriff Craig Webre, et al.* [No. 07-30837, 14 January 2008] ).

64.  **VIOLATION OF 42 U.S.C. 1983 - Sheriff and deputies Malicious Abuse of Process,**

designed to shield and otherwise coverup the defendant sheriff officers under the

Sheriff's control, who violated the rights, privileges, and immunities of Webb—as set

forth in the facts at paragraphs Nos. 10-51, which deprived the Webbs of both liberty

without due process of law and right to equal protection of the laws, due course of justice

was impeded, in violation of the United States Constitution and its Amendments. (Webb

reserves his right to pursue this cause of action, if the Court finds that it cannot be heard

at this time, in light of the United States Fifth Circuit Court of Appeals opinion in *Holly*

*Ray Burns v. Sheriff Rodney Jack Strain, et al.* [No. 07-30837, 14 January 2008] ).

## COUNT III – § 1983 CONSPIRACY CAUSE OF ACTION

65.    All defendants acted in combination and in concert, including Sheriff Craig Webre whose

"deliberate indifference in not preventing these acts," combined with the willful acts of

his deputies acting in concert and conspiracy thereby allowing the commission of these

unlawful acts of illegally detaining, arresting, extorting, and violating Webb's various

constitutional rights.

66.    As a result of defendants' conspiracy to commit illegal acts against the Webbs, they are

liable to plaintiff per 42 U.S.C. §1983 as well as 42 U.S.C. §1988 for attorneys' fees.

## COUNT IV – § 1983 LIABILITY OF SHERIFF, DEPUTIES, AND HIS OFFICE

67.    Lafourche Sheriff Strain and his office violated complainant rights as those rights are

expressly guaranteed and protected under *Holly Ray Burns v. Sheriff Craig Webre, et al.*

[No. 07-30837, 14 January 2008], *Monell v. New York City Dept of Social Services,* 436

U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v. Monroe County,* 520 U.S.

781, *Bryan County Comm'r v. Brown,* 520 U.S. 397, *and Burge v. St Tammany* 187 F 3d.

-11-

452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108, *Perez*, 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d 903.

68. The Lafourche Sheriff and his office are responsible for the acts and omissions of the employees and are liable for the activities of its agents, who are not employees.

69. At all times pertinent hereto, the defendants were acting under color of law, statutes, customs, policies, ordinances and usages of the State of Louisiana, the Parish of Lafourche, and the Lafourche Sheriff's Office.

70. At all times pertinent hereto, the Lafourche Sheriff's Office and/or the Sheriff failed to adopt sufficient policies to deter or prevent the violating of the Webbs' civil rights.

71. At all times pertinent hereto, the Lafourche Sheriff's Office and/or the Sheriff failed to develop and/or maintain a custom or policy to identify, discipline, rehabilitate and/or retrain its police officers who violated the Webbs' civil rights.

72. At all times pertinent hereto, the Lafourche Sheriff's Office and/or the Sheriff negligently hired and retained police officers who violated criminal suspects' civil rights.

73. The illegal and unconstitutional policies and procedures of the Lafourche Sheriff's Office were the driving force of the deprivation of the Webbs' rights herein.

74. Furthermore, through improper training, improper hiring, negligent retention, ineffective internal policies, ignoring patterns and practices of abuse, Sheriff Craig Webre and the Lafourche Sheriff's Office were deliberately indifferent to said policies and procedures leading to the Webbs' rights being violated.

75. Also, the Lafourche Sheriff's Office had a policy and procedure of engaging in illegal activities to illegally secure charges—including but not limited to *resisting an officer* or

-12-

*resisting arrest*—against innocent persons, here in violation of the Webbs' federal and state rights.

76. As a result of their various violations, these defendants are liable to plaintiffs pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

77. At all times pertinent hereto defendant Craig Webre was the Sheriff of the Lafourche Sheriff's Office. Sheriff Craig Webre is responsible for the actions and inactions of his subordinates as they relate to the violations of the Webbs' civil rights, in the following non-exhaustive particulars:

    a. Failure to properly hire, train, discipline and/or supervise the police officers under his command;

    b. Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the Lafourche Sheriff's Office;

    c. Condoning a pattern, practice and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the Lafourche Sheriff's Office;

    d. Failure to adequately investigate and take appropriate disciplinary action for misconduct by members of the Lafourche Sheriff's Office;

    e. Failing to maintain close supervision, monitoring, and accountability of members of the Lafourche Sheriff's Office who have violated Louisiana citizens' civil rights;

78. All of the acts and omissions alleged herein are established customs, policies and practices, which, among others, have the effect of depriving the Webb of their right to

-13-

due process of law, including freedom from unreasonable searches and seizures, as well as other rights, privileges and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Louisiana, which directly and proximately caused the damages complained of herein.

79.    At all times pertinent hereto, defendants were acting within the course and scope of their employment with the Lafourche Sheriff's Office, thereby rendering the Lafourche Sheriff's Office liable for the acts of said defendants and/or vicarious liability for all causes and claims stated herein.

80.    As a result of their various violations, these defendants are liable to the Webbs pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

## COUNT VI – DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

81.    By illegally and sequentially arresting, falsely charging, and recharging plaintiffs, and denying plaintiffs a good faith prosecution, a right to a fair trial, all sheriff-deputies-and-district-attorneys defendants violated the Webbs' rights to due process and equal protection as set forth by the United States Constitution.

## COUNT VIII – STATE LAW CLAIMS

146.    Based on the facts stated above, plaintiffs hereby assert various claims under the Constitution, specifically Article I, Sections 2, 3, 4, 5, and 25, and laws of the State of Louisiana, La. C.C. arts. 2315, *et seq. in pari materia* with Title 14 of the Louisiana Revised Statutes, including the acts of false arrest, false imprisonment, assault, battery and extortion.

147. Based on the facts stated above, Co-defendants did knowingly and intentionally, or in the alternative negligently, violate the Webbs' rights under the Louisiana Constitution, particularly Art. 1 §§2 (due process of law), 3 (right to individual dignity), 5 (right to privacy), 19 (right to judicial review), 20 (right to human treatment), and 22 (access to courts); and under the laws of the State of Louisiana, including but not limited to LSA-R.S. 14:33, *et seq.* (battery), LSA-R.S. 14:36, *et seq.* (assault), LSA-R.S. 14:40, *et seq.* (intimidating by officers), LSA-R.S. 14:44, *et seq.* (kidnapping), LSA-R.S. 14:46 (false imprisonment), LSA-R.S. 14:66 (extortion), LSA-C.C. art. 2315 (liability for acts causing damages), LSA-C.C. art. 2316 (negligence, imprudence or want of skill), LSA-C.C. art. 2317 (acts of others), LSA-C.C. art. 2320 (acts of servants), and LSA-C.C. art. 2324 (solidary liability for conspiracy), (abuse of process and negligent misinformation); Malicious prosecution and prosecutorial misconduct are reserved.

148. These non-exclusive Louisiana state law deprivations render defendants liable to plaintiff jointly and severally, or *in solido*, for full compensatory damages, including general damages, special damages, cost of this action, and legal interest.

## DAMAGES

150. Complainants seeks damages against the defendants pursuant to 42 U.S.C. § 1983, 1985, 1986, for unlawful arrest, excessive force, extortion and other violations of his civil right as more fully set forth above.

151. Pursuant to this court's supplemental jurisdiction, he seeks damages against the defendants under Louisiana state law for false arrest, battery, extortion, and other illegal acts as more fully set forth above.  He also seeks punitive damages under 42 U.S.C. §

1983, 1985, 1986,  and attorneys' fees under 42 U.S.C. §1888.

## DEMAND FOR TRIAL BY JURY

Complainants pray for a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, in light of the foregoing, plaintiffs request the following relief:

a.   Compensatory damages for all physical and emotional, and the treatment thereof, for injuries caused by defendants, in favor of plaintiff in amounts appropriate under the facts and law;

b.   Punitive damages from the individual defendants, jointly and severally, for malicious, willful and wanton actions done in reckless disregard for plaintiffs' rights as set forth above in amounts appropriate under the facts and law;

c.   Pre-judgment and post-judgment interest;

d.   All costs of these proceedings;

e.   Reasonable attorneys' fees as allowed 42 U.S.C. §1988;

f.   Injunctive relief for bad-faith prosecution; and

g.   All other just and equitable relief to which the plaintiff is entitled.

Respectfully submitted,

/s/ Daniel G. Abel
**DANIEL G. ABEL (LSBA No. 8348)**
**Trial Attorney**
**403 Vennarde Avenue**
**Lafayette, La 70501**
Telephone:    504.782.0613
Facsimile: 504.273.0247
danielpatrickegan@gmail.com

-16-

Please Withhold Summons and Service at This Time